IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ADRIAN VERDIN | § § § | |
| V. | § § | CASE NO. 4:10-CV-590 |
| | § | Judge Mazzant |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION and WELLS FARGO BANK, NA | § § § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO RECONSIDER AND VACATE JUDGMENT**

Pending before the Court is Plaintiff's Motion to Reconsider and Vacate Judgment (Dkt. #44) addressing the Court's ruling dismissing the case (Dkt. #42, #43). Having considered Plaintiff's motion, and all relevant pleadings, the Court finds that the motion should be denied.

On May 7, 2012, the Court entered its Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment as to all of Plaintiff's causes of actions (Dkt. #42). The Court also issued a Final Judgment on May 7, 2012 (Dkt. #43). On June 4, 2012, Plaintiff filed a Motion to Reconsider and Vacate Judgment (Dkt. #44). On June 18, 2012, Defendants filed a response (Dkt. #45). On June 21, 2012, Plaintiff filed a reply (Dkt. #46).

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Id*. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id*. District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*

*Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *State of Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted).

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, No. 3:00-cv-1543, 2004 WL 2189634, at *1 (N.D. Tex. 2004) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)). "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Id.* (citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)). "In exercising this discretion, a district court must 'strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts.'" *Id.*

Plaintiff is seeking a reconsideration of this Court's prior order granting the Defendants' motion for summary judgment. The Court is not inclined to reconsider its prior ruling. Plaintiff merely repeats the same arguments that he previously made. Having reviewed the arguments presented, the Court finds that the Plaintiff does not establish that the Court committed any manifest errors of law in its prior decision.

It is, therefore, **ORDERED** that Plaintiffs' Motion to Reconsider and Vacate Judgment (Dkt. #44) is **DENIED**. All other relief not specifically granted is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 10th day of July, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE